WP4

07 CIV. 3637

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK - WHITE PLAINS DIVISION

SCREWS & MORE, LLC.,

Plaintiff,

**COMPLAINT**

Civil Action No.

-against-

PECORA CORP., KENSEAL CONSTRUCTION
PRODUCTS CORP., & GARVIN BROWN CONSTRUCTION
PRODUCTS, LLC.,

Defendants.

Plaintiff, SCREWS & MORE, LLC., by their attorneys, GALGANO & ASSOCIATES,

complaining of the defendant alleges as follows:

**The Parties**

1.     Plaintiff, SCREWS & MORE, LLC. (hereinafter "SCREWS & MORE") is a domestic

corporation duly authorized to transact business in the State of New York. SCREWS & MORE's

principal place of business is located at 47 N. Lawn Ave., Elmsford, New York, 10523.

2.     Upon information and belief, Defendant PECORA CORP. (hereinafter "PECORA"), is

a Pennsylvania corporation, licensed to transact business in the State of New York. PECORA's

principal place of business is located at 165 Wambold Road, Harleysville, Pennsylvania 19438-0.

3.      Upon information and belief, Defendant KENSEAL CONSTRUCTION PRODUCTS

CORP. (hereinafter KENSEAL), is a domestic corporation duly licensed to transact business in the

State of New York. KENSEAL's principal place of business is located at 34-10 Borden Avenue

Long Island City, NY 11101.

4.      Upon information and belief, Defendant GARVIN BROWN CONSTRUCTION

PRODUCTS LLC. (hereinafter "GARVIN BROWN"), is a domestic limited liability corporation duly

licensed to transact business in the State of New York. GARVIN BROWN's principal place of

business is located at 30-02 48th Avenue, Long Island City, NY 11101.

## Background

5.      In or around September of 2005, SCREWS & MORE entered into an agreement with

PECORA to distribute certain PECORA products; that is, silicone sealants to major players in the

window manufacturing industry.

6.      Recognizing SCREWS & MORE's extensive experience and customer loyalty in the

window manufacturing industry, PECORA sought to increase silicone sales, as well as foster a larger

market share for PECORA/SCREWS & MORE.

7.      In or around October of 2005, SCREWS & MORE, entered into a distribution

agreement with PECORA, to distribute the PECORA line of silicone sealant products to customers in

the greater New York City area.

8.      From November 2005 to January 2006, SCREWS & MORE proceeded to sell and

submit PECORA products to existing customers and contractors bidding for high-rise silicone sealant

work. In addition, SCREWS & MORE successfully converted several projects from other sealant

manufactures to the PECORA product line form pursuant to the Sales Operating Plan.

9.      On or about January 26th of 2006, Plaintiff SCREWS & MORE, along with Defendants,

attended the World of Concrete Convention in Las Vegas, Nevada.

10.      At that time, representatives of SCREWS & MORE's major competitors; namely,

KENSEAL and GARVIN BROWN, approached the representative of PECORA regarding SCREWS

& MORE's status as a distributor of PECORA products.

11.      Upon information and belief, the defendants employed undue economic pressure and

intimidation on PECORA in regards to SCREWS & MORE's distribution agreement.  More

specifically, defendants KENSEAL and GARVIN BROWN complained as to SCREWS & MORE's

price structure, and threatened to discontinue their distribution of PECORA products, if either

SCREWS & MORE's price cutting practices were not ended, or SCREWS & MORE's distribution

agreement was not terminated.

12.      During the course of the convention PECORA, through its representative Mr. Budney,

communicated to SCREWS & MORE that the other distributors were upset about price cutting, and

demanded that SCREWS & MORE get their prices in line with the other PECORA distributors.

13.      Upon information and belief, subsequently, defendants conspired to eliminate the

competition through a variety of means, including threatening to terminate SCREWS & MORE's

distribution agreement if SCREWS & MORE would not acquiesce in the fixing of prices of PECORA

products, terminating SCREWS & MORE's distribution agreement, as well as intimidating other

distributors from engaging in similar price cutting policies.

14.      Pursuant to said conspiracy, on or about February 12, 2006, PECORA sent a fax

terminating SCREWS & MORE's distribution agreement.

15.    With the termination of SCREWS & MORE as a distributor of PECORA silicone sealant products, Defendants achieved their anticompetitive purpose and satisfied their concerted goal of achieving vertical price fixing scheme in the greater New York City area, to the detriment of the Plaintiff, consumers, the competitive process, and the entire New York community.

**Jurisdiction and Venue**

16.    This action is brought pursuant to sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26). Plaintiff seeks monetary and injunctive relief from violations of the antitrust law of the United States, specifically Section 1 of the Sherman Act (15 U.S.C. § 1), as well as violations of New York State Law. The jurisdiction of this court is founded on 28 U.S.C. §§ 1331 and 1367.

17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**General Allegations**

18.    The silicone construction sealant market is a sixty (60) million dollar a year business, ten (10) million dollars of which is centralized in the greater New York City Area.

19.    PECORA is a nationwide manufacturer of sealants and adhesives to the building products industry. Currently, PECORA has a market share of at least six (6) million dollars a year.

20.    Defendants KENSEAL and GARVIN BROWN are two major silicone distributors, with several branch locations throughout the east coast and northeast respectively.

21.    SCREWS & MORE is a distributor of screws, nuts, washers and bolts in most materials, grades and finishes. SCREWS & MORE has over 30 years experience in the business of distributing equipment to contractors and municipalities for use in commercial and residential construction projects.

22.    PECORA sought to expand and capitalize on SCREWS & MORE's extensive Experience and customer loyalty in the manufacturing industry, and thereby entered into an agreement

with SCREWS & MORE to distribute certain PECORA products; namely, silicone sealants, to new and existing SCREWS & MORE clients.   A copy of the agreement is annexed hereto as **Exhibit A**.

23.    In or around October of 2005, Plaintiff SCREWS & MORE, placed a stocking order of products after receiving a credit approval and credit line of $12,000 from PECORA.

24.    From November 2005 to January 2006, SCREWS & MORE proceeded to sell and submit PECORA products to existing customers and contractors bidding for high-rise silicone sealant work.  In addition, SCREWS & MORE successfully converted several projects from other sealant manufactures, to the PECORA product line form pursuant to the Sales Operating Plan.   A copy of the Modified Sales Operating plan is annexed hereto as **Exhibit B.**

25.    On or about January 26th of 2006, SCREWS & MORE, along with Defendants, attended the World of Concrete Convention in Las Vegas, Nevada.  At that time, representatives of SCREWS & MORE's major competitors; namely, KENSEAL and GARVIN BROWN, approached the representative of PECORA regarding SCREWS & MORE's status as a distributor of PECORA products.

26.    Upon information and belief, the defendants employed undue economic pressure and intimidation on PECORA in regards to SCREWS & MORE's distribution agreement.  More specifically, defendants KENSEAL and GARVIN BROWN complained as to SCREWS & MORE's price structure, and threatened to discontinue their distribution of PECORA products, if either SCREWS & MORE's price cutting not was halted, or SCREWS & MORE's distribution agreement was not terminated.

27.    During the course of the convention PECORA, through its representative Mr. Budney, communicated to SCREWS & MORE that the other distributors were upset about price cutting, and demanded that SCREWS & MORE raise their prices to conform to the other PECORA distributors.

28.    Upon information and belief, subsequently, defendants *conspired* to eliminate the competition through a variety of means, including threatening to terminate SCREWS & MORE's distribution agreement if SCREWS & MORE would not acquiesce in the fixing of prices of PECORA products, terminating SCREWS & MORE's distribution agreement, as well as intimidating other distributors from engaging in similar price cutting policies.

29.    Pursuant to said conspiracy, on or about February 12, 2006, PECORA sent a fax terminating SCREWS & MORE's distribution agreement.  A copy of the fax letter is annexed hereto as **Exhibit C.**

30.    As a result of Defendants' anticompetitive conduct and conspiracy, SCREWS & MORE lost its investment, present and future contracts, as well as the profits that it would have earned had the distribution agreement not been terminated pursuant to the conspiracy.

31.    Defendants' illegal conduct injured SCREWS & MORE in an amount estimated at $15,000,000 as well as harming consumers and competition.

32.    S& M has suffered financial harm as a result of the Defendants' conduct.  Moreover, as previously stated, consumers and competition have been and will continue to be injured, as a result of the loss of choice, and the loss of competition, which has and will lead to higher prices as a result of SCREWS & MORE being driven from the market.

## AS FOR PLAINTIFF'S FIRST CAUSE OF ACTION
### (Vertical Price Fixing in Restraint of Trade)

33.    Plaintiff hereby repeats and reiterates each and every allegation contained in the foregoing paragraphs.

34.    The relevant market for the purposes of this claim is the silicone sealant distribution market in the greater New York City area.

35.    Defendants possess market power in the silicone sealant distribution market.

36.    Defendants have engaged in a vertical price fixing conspiracy as to the minimum price between distributors of silicone sealants in the silicone sealant market.

37.    Pursuant to the conspiracy, defendants engaged in a concerted action to pressure SCREWS & MORE to cease its price cutting practices, and ultimately engaged in a concerted action to terminate SCREWS & MORE's distribution agreement with PECORA.

38.    Defendants have no legitimate business justification for its conduct.

39.    This conduct constitutes a vertical price fixing conspiracy that unreasonably restrains trade in violation of Section 1 of the Sherman Act.

40.    Defendants' conduct has caused Plaintiff monetary and other damages.

## AS FOR PLAINTIFF'S SECOND CAUSE OF ACTION
(Intentional Interference with Contractual Relations)

41.    Plaintiff hereby repeats and reiterates each and every allegation contained in the forgoing paragraphs.

42.    Upon information and belief, Defendants KENSEAL and GARVIN BROWN, knew that SCREWS & MORE had a contract with PECORA to distribute the PECORA line of silicone sealants.

43.    Upon information and belief, Defendant KENSEAL and GARVIN BROWN, intentionally induced PECORA to terminate its contract with SCREWS & MORE in order to eliminate competition from SCREWS & MORE, or to eliminate competition from SCREWS & MORE entirely by forcing SCREWS & MORE out of business.

44.    Upon information and belief, Defendants KENSEAL and GARVIN BROWN unlawfully induced PECORA to terminate its contract with SCREWS & MORE by threatening to enter into distribution agreements with PECORA's competitors, if the distribution agreement with SCREWS & MORE was not terminated.

45.    Defendants conduct caused Plaintiff both monetary and other damages.

46.    Defendants conduct constitutes tortuous interference with an existing contract in violation of Federal and New York State Law.

**WHEREFORE**, plaintiff respectfully requests that this Court:

A.    Award Plaintiff three times its actual damages, estimated at $15,000,000, plus attorneys' fees and costs;

B.    Award Plaintiff compensatory and punitive damages on Plaintiffs Second Cause of Action

C.    Order that Defendants not conspire to control prices in the distribution of silicone sealants;

D.    Provide injunctive relief to reinstate Screws & More's distribution agreement and credit line.

Dated: White Plains, New York
       May 4, 2007

Yours, etc.,

**GALGANO & ASSOCIATES, P.C.**
**By: George W. Galgano Jr., Esq.**
**Attorney Bar Code # GG8009**
*Attorneys for Plaintiff*
*Screws & Moore*
399 Knollwood Road
White Plains, New York 10603
(914) 428-2323

To:

Pecora Corp.
165 Wambold Road
Harleysville, Pennsylvania

Kenseal Construction Products
34-10 Borden Avenue
Long Island City, New York

Garvin Brown Construction Products, LLC.
30-02 48th Avenue
Long Island City, New York



**PECORA CORPORATION**

www.pecora.com

September 19, 2005

Mr. Allen Guippone
Screws and More, LLC
47 North Lawn Avenue
Elmsford NY 10523

Dear Mr. Guippone:

Thank you for your recent request for an open credit line with Pecora Corporation.

We have approved an open credit account for the amount of $12,000.00. Our standard terms are 1% 20, Net 30 Days. After six months of credit history we will review your credit limit.

If you have any questions concerning this decision, or if the credit line is insufficient to meet your needs, please do not hesitate to contact me and we will review your account.

Thank you for your interest in Pecora products.

Sincerely:

Deborah Raskob
Accounting Supervisor

cc:    Ed Budney
       Rick
       Ellen





S A M

**Pecora- Screws and More LLC**
**Modified Sales Operating Plan**

**8/19/05**

**Development of Joint Action Plan**

**Screws and More LLC –**

**To increase Pecora silicone sales and foster a larger market share for Pecora/ SAM**

**To convert all silicone requests to Pecora via submittal substitution requests vs. Dow and GE Silicones.**

**A real commitment to the Screws and More action plan including the training, telemarketing , and comprehensive direct mail campaign .**

**Prequalified joint sales calls / focused silicone sealant sales representative .30 years of silicone sales experience.**

**Target niche markets : small glass shops(crlawrence) Municipalities (wbe status) Landmark highrise specification work.**

**Capitalize on Screws and More's extensive experience and customer loyalty in the OEM window manufacting industry . Major players are currently buying screws from SAM . Natural progression for SAM to expand product line to provide silicones to these manufacturers.**

**Glazing portion of    SAM business is currently experiencing explosive growth. Sam is currently authorized to distribute Tremco , C arlisle , Sika , Bondaflex directly.**

**New focused sales rep hired to concentrate on the silicone/sealant line exclusively. Highly trained in the silicone product line and applications . Extensive experience specifying and selling silicone to the top three major new construction high rise silicone work.**

**Dynatrol 1 and 2 AC20 and full silicone line are of interest.**

**Pecora-**





PECORA
CORPORATION

PEOPLE    •    PRODUCTS    •    PERFORMANCE

DATE:2/13/05

| | |
|---|---|
| Send to: Screws and More, LLC | From: Bob Carle |
| Attention: Allen Guippone | Office Location: Halifax, PA |
| Office Location: | |
| Fax Number: 914 592 5725 | Number of Pages, Including Cover: 1 |

❏ URGENT    ❏ REPLY ASAP    ❏ PLEASE COMMENT    X PLEASE REVIEW    ❏ FOR YOUR INFORMATION

COMMENTS:

Dear Mr. Guippone,

Per Ed Budney's conversation with you, we appreciate your interest in Pecora products but we have decided that it is in our best interests to discontinue our vendor relationship with your firm effective immediately.

We understand that you have Pecora inventory at your facility. If you would like to return all or a portion of it, we are willing to receive it and to issue you credit for all that is in resellable condition and has not had shelf life expired. Please make arrangements with B&L should you wish to pursue that option.

We wish you the best in all your future endeavors.

Sincerely,

Robert D. Carle





Pecora Corporation
Robert Carle