UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SCREWS & MORE, LLC.,

                **Plaintiff,**

  -against-

PECORA CORP., KENSEAL
CONSTRUCTION PRODUCTS CORP., &
GARVIN BROWN CONSTRUCTION
PRODUCTS, LLC,

                **Defendants.**
------------------------------------x

Civil Action No. 07 CV 3637
(WP4) (GAY)

ANSWER, AFFIRMATIVE
DEFENSES, and JURY DEMAND
ON BEHALF OF DEFENDANT
PECORA CORP.

Defendant, PECORA CORPORATION (pled as "PECORA CORP." and hereinafter referred to as "PECORA"), by and through its attorneys, White and Williams LLP, hereby answers the Complaint of SCREWS & MORE, LLC ("PLAINTIFF"), upon information and belief as follows:

### The Parties

1. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and leaves PLAINTIFF to its proofs.

2. PECORA admits the allegations set forth in Paragraph 2 of the Complaint.

3-4. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 3 and 4 of the Complaint, as they do not pertain to PECORA, and leaves PLAINTIFF to its proofs.

### Background

5.  PECORA admits the allegations set forth in Paragraph 5 of the Complaint. By way of further response, the agreement was provisional and based on promises made by PLAINTIFF to increase market share, sell the products, and pay for PECORA products ordered in a timely manner.

6.  PECORA denies the allegations set forth in Paragraph 6 of the Complaint, except to admit that PECORA, as a general business practice, does seek to maximize the sale of its silicone products.

7.  PECORA admits the allegations set forth in Paragraph 7 of the Complaint.

8.  PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and leaves PLAINTIFF to its proofs.

9.  PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and leaves PLAINTIFF to its proofs, except to admit that representatives from PECORA did attend the World of Concrete Convention in Las Vegas, Nevada, on or about January 26, 2006.

10-13. PECORA denies the allegations set forth in Paragraphs 10, 11, 12, and 13 of the Complaint.

14.  PECORA denies the allegations set forth in Paragraph 14 of the Complaint, except to admit that PECORA did terminate its distribution agreement with PLAINTIFF on or about February 2006.

15.  PECORA denies the allegations set forth in Paragraph 15 of the Complaint.

**Jurisdiction and Venue**

16-17. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 16 and 17 of the Complaint, and leaves PLAINTIFF to its proofs.

### General Allegations

18. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and leaves PLAINTIFF to its proofs.

19. PECORA admits that it is a manufacturer of sealants and adhesives to the building products industry, and denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20-21. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 20 and 21 of the Complaint, and leaves PLAINTIFF to its proofs.

22. PECORA admits that it entered into a provisional distribution agreement with PLAINTIFF, and denies the remaining allegations set forth in Paragraph 22 of the Complaint. By way of further response, see PECORA'S response to allegation 5 above.

23-24. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 23 and 24 of the Complaint, and leaves PLAINTIFF to its proofs.

25. PECORA admits that representatives from PECORA did attend the World of Concrete Convention in Las Vegas, Nevada, on or about January 26, 2006, and denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26-28. PECORA denies the allegations set forth in Paragraphs 26, 27, and 28 of the Complaint.

29. PECORA admits that it terminated its distribution agreement with PLAINTIFF due to PLAINTIFF'S lack of performance and breach of the agreement, and denies the remaining allegations set forth in Paragraph 29 of the Complaint. By way of further response, see PECORA'S response to allegation 5 above.

30-32. PECORA denies the allegations set forth in Paragraphs 30, 31, and 32 of the Complaint.

## AS FOR PLAINTIFF'S FIRST CAUSE OF ACTION
### (Vertical Price Fixing in Restraint of Trade)

33. PECORA repeats and reiterates its responses to each and every allegation set forth in Paragraphs 1 to 32 of the Complaint as if same were set forth at length herein.

34. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and leaves PLAINTIFF to its proofs.

35-40. PECORA denies the allegations set forth in Paragraphs 35, 36, 37, 38, 39, and 40 of the Complaint.

## AS FOR PLAINTIFF'S SECOND CAUSE OF ACTION
### (Intentional Interference with Contractual Relations)

41. PECORA repeats and reiterates its responses to each and every allegation set forth in Paragraphs 1 to 40 of the Complaint as if same were set forth at length herein.

42-46. PECORA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 42, 43, 44, 45, and 46 of the Complaint, as they do not pertain to PECORA, and leaves PLAINTIFF to its proofs.

-5-

WHEREFORE, PECORA demands judgment dismissing the Complaint with prejudice, together with costs, fees, expenses, attorneys' fees, and such other and further relief as this court deems just and proper.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. PLAINTIFF'S claim for relief is, or may be, barred by the applicable statute of limitations.

3. PLAINTIFF'S claim for relief is, or may be, barred by the Doctrine of Estoppel.

4. PLAINTIFF'S claim for relief is, or may be, barred by the Doctrine of Waiver.

5. PLAINTIFF'S demand for damages is, or may be, precluded and barred by the Doctrine of Unclean Hands.

6. PLAINTIFF'S demand for damages is, or may be, precluded and barred by the Doctrine of Unjust Enrichment.

7. PLAINTIFF'S claim is, or may be, barred by the Doctrine of Laches.

8. PLAINTIFF has failed to mitigate its damages.

9. PLAINTIFF is not entitled to attorneys' fees, costs, and/or compensatory, treble, or punitive damages as PECORA acted in accordance with the expressed and implied terms and conditions of the governing contract.

10. PLAINTIFF has failed to identify a well-defined market that is allegedly being monopolized, and thus the Complaint should be dismissed.

11. PECORA has, at all relevant times, acted in good faith in its dealings with PLAINTIFF.

PHLDMS1 2586528v.2

12. A vertical price requirement by a manufacturer establishing a minimum resale price does not violate any antitrust law.

13. PECORA does not, and did not, possess sufficient market power to influence the asserted market.

14. PECORA did not participate in any conspiracy or engage in any unlawful activity in an attempt to eliminate competition as alleged.

15. PECORA cannot be held liable on the Second Cause of Action as a matter of law, as PECORA cannot be deemed to have interfered with its own contract.

16. PLAINTIFF is not entitled to injunctive relief in a civil action seeking monetary damages.

17. PLAINTIFF is not entitled to a restraining order in a civil action seeking monetary damages.

18. PLAINTIFF breached its contract with PECORA prior to the alleged commission by PECORA of any acts of wrongdoing as set forth in the Complaint.

19. PLAINTIFF had repudiated its contract with PECORA prior to the alleged commission by PECORA of any acts of wrongdoing as set forth in the Complaint.

20. PECORA owed no duty to, and/or did not breach any duty owed to, PLAINTIFF.

21. Any damages suffered by PLAINTIFF were due to the actions and/or inactions of third-parties over which PECORA had no control.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, PECORA hereby demands a trial by jury on all issues so triable.

-7-

Dated: August 22, 2007

Respectfully submitted,
**WHITE AND WILLIAMS LLP**
*Attorneys for Defendant, Pecora Corp.*

By: _____
MICHAEL J. KOZORIZ (MK- 1929)
One Penn Plaza, Suite 1801
New York, New York 10119
(212) 244-9500

TO:   ALL COUNSEL OF RECORD (VIA ECF)