USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                            :

SCREWS & MORE, LLC.,

                   **Plaintiff,**

  -against-

PECORA CORP., KENSEAL
CONSTRUCTION PRODUCTS CORP., &
GARVIN BROWN CONSTRUCTION
PRODUCTS, LLC,

             **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

Civil Action No. 07 CV 3637
           (KMK) (GAY)
            ECF CASE

**CONFIDENTIALITY ORDER**

**WHEREAS**, documents, things, and information may be furnished or disclosed in this action, which materials and information contain or constitute confidential or proprietary technical, scientific and/or business information;

**WHEREAS**, disclosure of such confidential or proprietary technical, scientific and/or business information without a confidentiality stipulation could harm the disclosing party;

**WHEREAS**, the parties, hereto, individually or through their respective counsel, stipulate to the entry of the following Confidentiality Stipulation; and

    **A.**    This Confidentiality Stipulation shall be applicable to and govern all discovery, documents or other material exchanged, all testimony adduced at deposition or trial, and all other information which the disclosing party designates as "CONFIDENTIAL" hereafter furnished by or on behalf of any party (herein referred to as "Confidential Material").

    **B.**    In designating information as Confidential Material, a producing party shall make such a designation as to material which that producing party in good faith believes constitutes proprietary information, confidential business information or trade secret information.

    **C.**    Confidential Material shall be used by the parties to this litigation solely for the purpose of conducting this litigation.

**D.**    Information designated as Confidential Material may be disclosed only to the following persons:

      1.    outside counsel for and in-house counsel of the receiving party and paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

      2.    independent experts or consultants of the receiving party who are not employed by the receiving party and who have been expressly retained or sought to be retained by any attorney to assist in preparation of this action at trial, with disclosure only to the extent necessary to perform such work;

      3.    any director, officer or employee of the receiving party if required to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

      4.    any person of whom testimony is taken, provided that there is a reasonable basis for such disclosure and that such person may only be shown copies of Confidential Material during his or her testimony, and may not retain any Confidential Material;

      5.    the Court;

      6.    court reporting personnel involved in taking or transcribing testimony in this action; and

      7.    any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

Each person to whom Confidential Material is disclosed in accordance with Paragraphs D1 and D3 shall agree to be bound by the Confidentiality Stipulation.    Each person to whom Confidential Material is disclosed in accordance with Paragraph D2 shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order, before receiving Confidential Material.   Copies of the executed Declaration shall be retained by counsel

PHLDMS1 4099020v.1

disclosing Confidential Material to such person.

E.    In the case of documents, designation of those documents which contain Confidential Material shall be made by stamping the document "CONFIDENTIAL" at the time the document is produced to the opposing party by the party claiming it is Confidential Material. In the case of depositions, designation of the portion of the transcript (including exhibits) which contain Confidential Material shall be made by a statement to such effect on the record in the course of the deposition or within ten (10) days of receipt of the transcribed deposition transcript in writing to the opposing party.

F.    Confidential Material including deposition transcripts and documents will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment or other matters.    If a deposition transcript or document containing Confidential Material is to be filed, the parties shall submit a joint request to the Court that the transcript or document be filed under seal and bear the following legend on the caption page:

> CONFIDENTIAL.    Filed pursuant to Stipulated
> Protective Order by (name and filing party). Not to
> be opened nor the contents revealed except (1) to
> the Court and then resealed, (2) by agreement of the
> parties, or (3) by prior Order of this Court.

G.    In the event that any party to this litigation disagrees with the proprietary of a Confidential Material designation, such party shall provide to the producing party written notice of its disagreement with the designation within five (5) business days of receipt of the designation.    A party shall not be obligated to challenge in Court the proprietary of a Confidential Material designation at the time made.    The parties shall try to dispose of such dispute in good faith on an informal basis prior to requesting appropriate relief from the Court. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as Confidential Material is on the party making such designation.    A document, thing or information designated as Confidential shall be treated as so designated unless and until the

PHLDMS1 4099020v.1

Court directs otherwise. This document does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of materials.

**H.**    In the event that any Confidential Material is used in any court proceeding in connection with this litigation, it shall not lose its Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

**I.**    Nothing in this Confidentiality Stipulation shall preclude any party to this lawsuit, its attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in this lawsuit and designated as Confidential Material.

**J.**    Nothing in this Confidentiality Stipulation shall preclude any party to this lawsuit or its attorney (a) from showing a document designated as Confidential Material to an individual who prepared or received that document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose in this litigation, the party's own information or documents which the party itself has designated as Confidential Material, or (c) from showing a document designated as Confidential Material to an individual who is a current employee, officer or director, or who is testifying on behalf of the disclosing party.

**K.**    Within sixty calendar days of the termination of litigation between the parties, all Confidential Material and all copies thereof shall be returned to the party which produced it or shall be destroyed.

**L.**    The Confidentiality Stipulation is without prejudice to the right of any producing party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs A through L, inclusive, hereof. The parties may reach an agreement to modify the times and dates set forth in this Confidentiality Stipulation without the consent of the Court.

[SIGNATURES ON NEXT PAGE]

4

PHLDMS1 4099020v.1

George W. Galgano, Jr. Esquire
Galgano & Associates, P.C.
399 Knollwood Road
White Plains, New York 10603
*Attorneys for Plaintiff*


Michael J. Kozoriz, Esquire
White and Williams LLP
One Penn Plaza, Suite 1801
New York, New York 10119
*Attorneys for Defendant, Pecora Corp.*

Michael B. Weinberg, Esquire
LeClair Ryan, PC
1 International Place, 11th Floor
Boston, MA 12110
*Attorneys for Defendant,*
*Kenseal Construction Products Corp*


Todd M. Sahner, Esquire
Marcus, Brody, Ford, Kessler & Sahner,
LLC
5 Becker Farm Road. Suite 2
Roseland. New Jersey 07068
*Attorneys for Defendant,*
*Garvin Brown Construction Products, LLC*

PHLDMS1 4099020v.1

George W. Galgano, Jr. Esquire
Galgano & Associates, P.C.
399 Knollwood Road
White Plains, New York 10603
*Attorneys for Plaintiff*

Michael J. Kozoriz Esquire
White and Williams LLP
One Penn Plaza, Suite 1801
New York, New York 10119
*Attorneys for Defendant, Pecora Corp.*

Michael B. Weinberg, Esquire
LeClair Ryan, PC
1 International Place, 11th Floor
Boston, MA 12110
*Attorneys for Defendant,*
*Kenseal Construction Products Corp*

Todd M. Sahner, Esquire
Marcus, Brody, Ford, Kessler & Sahner,
LLC
5 Becker Farm Road, Suite 2
Roseland, New Jersey 07068
*Attorneys for Defendant,*
*Garvin Brown Construction Products, LLC*

5

PHLDMS1 4099020v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

SCREWS & MORE, LLC.,
                                                    :
                                                    :    Civil Action No.  07 CV 3637
                        Plaintiff,                  :                      (KMK) (GAY)
                                                    :                      ECF CASE
    -against-                                       :
                                                    :
                                                    :
PECORA CORP., KENSEAL                               :
CONSTRUCTION PRODUCTS CORP., &                      :
GARVIN BROWN CONSTRUCTION                           :    CONFIDENTIALITY
PRODUCTS, LLC,                                      :    STIPULATION
                        Defendants.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

## Exhibit A

## DECLARATION UNDER
## CONFIDENTIALITY STIPULATION
## GOVERNING CONFIDENTIAL MATERIAL

I, _____, who am employed by _____, hereby
acknowledge that:

      1.     I have read the Confidentiality Stipulation dated _____, and
agree to be bound by such terms;

      2.     I will not make copies or notes of Confidential Material except as
necessary to enable me to render assistance in connection with this action;

      3.     I will not disclose Confidential Material to any person not expressly
entitled to receive it under the terms of the Confidentiality Stipulation;

      4.     I will not use Confidential Material for any purpose other than that
authorized by the Confidentiality Stipulation; and

      5.     I agree to submit to the jurisdiction of this Court for the sole purpose of
having the terms of the Confidentiality Stipulation enforced.

Date: _____          Signature:  _____
                                     Address:    _____

_____

_____

PHLDMS1 4099020v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

SCREWS & MORE, LLC.,                                         :
                                                            :    Civil Action No.  07 CV 3637
                              Plaintiff,                      :                 (KMK) (GAY)
                                                            :                 ECF CASE
      -against-                                              :
                                                            :
                                                            :
PECORA CORP., KENSEAL                                        :
CONSTRUCTION PRODUCTS CORP., &                              :
GARVIN BROWN CONSTRUCTION                                    :    CONFIDENTIALITY
PRODUCTS, LLC,                                               :    STIPULATION
                              Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), by agreement of all parties, the Court finds that good

cause exists for a Protective Order to prevent unauthorized disclosure and use of the parties'

trade secrets and other confidential information during and after the course of this litigation.  It is

hereby ordered and decreed that the attached Confidentiality Stipulation signed by all parties'

counsel shall be entered as an Order of this Court and govern all confidential material as defined

therein.

Date: Jun 26, 2008

_____
Honorable Kenneth M. Karas
U.S. District Judge